UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

HENRY SOTO,

           Plaintiff,

    -against-

THE COUNTY OF WESTCHESTER and THE WESTCHESTER
COUNTY DEPARTMENT OF CORRECTIONS,

           Defendants.
------------------------------------------------------------------X

08 CV 5066

VERIFIED COMPLAINT

DOCKET NO:

**JURY TRIAL DEMANDED**

    Plaintiff, by his attorneys, STEPHEN R. KRAWITZ, LLC, as and for his Verified Complaint, respectfully alleges, upon information and belief:

### AS FOR A FIRST CAUSE OF ACTION

1. The plaintiff, HENRY SOTO at all times herein mentioned was and still is a resident of the County of the Bronx, City and State of New York.

2. At all times herein mentioned, defendant THE COUNTY OF WESTCHESTER, was and still is a municipal corporation, created, organized and existing under and by virtue of the laws of the State of New York.

3. At all times herein mentioned, defendant THE WESTCHESTER COUNTY DEPARTMENT OF CORRECTION, was and still is a governmental sub-division of THE COUNTY OF WESTCHESTER, created, organized and existing under and by virtue of the laws of the State of New York.

4. This action is brought pursuant to 42 U.S.C Section 1983 therefore jurisdiction and venue are proper.

5. On or about January 4, 2006, HENRY SOTO was in the custody of the COUNTY OF

WESTCHESTER and an inmate at THE WESTCHESTER COUNTY DEPARTMENT OF CORRECTIONS, when he was attacked and severely beaten by other inmates in Cell #25, Block 2G of the Old Jail, which was under the exclusive supervision and control of the defendants..

6. At all times herein mentioned, the defendant THE COUNTY OF WESTCHESTER and the WESTCHESTER COUNTY DEPARTMENT OF CORRECTIONS, defendant's servants, agents and/or employees owned, operated, maintained and controlled Cell #25, Block 2G of the Old Jail of the Westchester Correctional Facility in Valhalla, New York.

7. At all times herein mentioned, the defendants. THE COUNTY OF WESTCHESTER and THE WESTCHESTER COUNTY DEPARTMENT OF CORRECTIONS, defendant's servants, agents and/or employees knew or should have known about the dangerous situation and/or condition concerning the plaintiff and taken all reasonable and necessary measures to provide for his safety in or about Cell #25, Block 2G of the Old Jail of the Westchester Correctional Facility in Valhalla, New York.

8. At all times herein mentioned, the defendant THE COUNTY OF WESTCHESTER and THE WESTCHESTER COUNTY DEPARTMENT OF CORRECTIONS, failed to take the reasonable and/or necessary measures to provided for plaintiff's safety in or about Cell #25, Block 2G of the Old Jail of the Westchester Correctional Facility in Valhalla, New York.

9. At all times herein mentioned, the defendants THE COUNTY OF WESTCHESTER and THE WESTCHESTER COUNTY DEPARTMENT OF CORRECTION, defendant's servants, agents and/or employees maintained supervision and control over Cell #25, Block 2G of the Old Jail of the Westchester Correctional Facility in Valhalla, New York.

10. At all times herein mentioned, it was the duty of the defendants THE COUNTY OF WESTCHESTER and the WESTCHESTER COUNTY DEPARTMENT OF CORRECTIONS, defendants' servants, agents and/or employees to maintain Cell #25, Block 2G of the Old Jail of the

Westchester Correctional Facility in Valhalla, New York., in a reasonably safe and suitable condition free from assault on inmates.

11. The defendants failed to properly discharge their duty to the plaintiff to provide for his reasonable safety and by failing to do so were negligent, careless and reckless in their duty to provide for his reasonable safety.

12. The defendants failed to act in accordance with the reasonable discharge of their governmental function to provide for the reasonable safety of the plaintiff herein.

13. Solely as a result of the defendants' negligence, carelessness and recklessness, HENRY SOTO was caused to suffer severe and serious personal injuries to mind and body, and further, that HENRY SOTO was subjected to great physical pain and mental anguish.

14. The defendants THE COUNTY OF WESTCHESTER and THE WESTCHESTER COUNTY DEPARTMENT OF CORRECTIONS, caused and created said dangerous, uncontrolled and unsafe conditions.

15. By reason of the foregoing, HENRY SOTO was severely injured and damaged, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are believed to be permanent in nature and duration, and HENRY SOTO will be permanently caused to suffer pain, inconvenience and other effects of such injuries; HENRY SOTO incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries; and HENRY SOTO will be unable to pursue HENRY SOTO's usual duties with the same degree of efficiency as prior to this accident, all to HENRY SOTO's great damage.

16. Due to defendants' negligence, plaintiff is entitled to damages in a sum which exceeds the jurisdictional limit of all lower Courts which would otherwise have jurisdiction.

**WHEREFORE**, the plaintiff demands judgment awarding damages, in an amount exceeding the

monetary jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with interest and the costs and disbursements of this action, and such other and further relief as to this Court seems just and proper.

Dated:    New York, NY
             May 25, 2008

_____
STEPHEN R. KRAWITZ, LLC
By: Stephen R. Krawitz, Esq.
Attorneys for Plaintiff
271 Madison Avenue, Suite 200
New York, NY 10016
212-682-0707